.O’Neall, J.
delivered the opinion of the Court.
The proceeding by rule against the sheriff supposes that he is wilfully in default, and the judgment of the Court is, that he is in contempt : anything therefore, which shews that he is not in contempt, ought to discharge the rule. The sheriff is often the mere stake-holder of a fund, for the parties claiming it; and is perfectly willing to pay it over to either, when he can be legally protected in doing so. Where there is any doubt as to whom ,the money should be rightfully paid, the correct course is to dis *621 eharge the rule, and leave the parties to litigate, and determine their rights, by a suit.
In the case before us, the cause.shewn by the sheriff demonstrates that he is not in contempt; and the question is then made on his return, which of the two parties claiming is intitled to the fund ? Although the plaintiff in execution might, in the state of things as they now are, be legally intitled to receive the money in the hands of the sheriff, yet I think that on a proper proceeding, the other party claiming might succeed in establishing a prior right; for it is not to be denied, that the satisfaction entered on the elder executions, was made by the money which he paid for the land, when sold by the sheriff on a former occasion. That sale has been held fraudulent by the verdict of a jury, in a suit brought to recover the land; and the purchaser’s title has, of course, failed. One of two things, it would seem, ought to be done: either that the entries of satisfaction should be vacated, as made by mistake; or that the land should be declared liable in Equity for the purchase money paid, and interest. Without however, giving any decided opinion, whether either of these modes of relief ought to prevail, it is sufficient, that the cause shewn by the sheriff establishes that he is not in contempt: and the rights of the parties, present too doubtful a question to be decided on so summary a proceeding as that by rule. The motion to reverse the circuit decision is granted.
Johnson, J. and Martin, J, sitting for Harper, J. concurred.
jRotion granted.